F. H. MULLVAIN, Respondent, v. CHARLES HIDDEN, Appellant.

(185 N. W. 1010.)

Joint adventures — evidence held to support judgment for plaintiff in action for accounting.

In an action for an accounting, the evidence is examined and it is *held* that the judgment appealed from is properly supported.

Opinion filed Dec. 14, 1921.

Appeal from the district court of Stutsman County, *Nuessle,* J. Affirmed.

*John W. Carr,* for appellant.

*C. S. Buck,* for respondent.

BIRDZELL, J. This is an action for an accounting. From a judgment in favor of the plaintiff for $302.24, and interest and costs, the defendant has appealed. The case is here for a trial de novo. The case arises upon the following facts:

The defendant, a bachelor, was the owner of a farm, consisting of 480 acres of land near Eldridge in Stutsman county. In 1916 he hired the plaintiff and his wife, to work for him at an agreed compensation per year. In 1917, the plaintiff and defendant purchased jointly, on contract, an adjoining quarter section of land under an arrangement whereby they would farm it together and make the deferred payments out of the crops raised. The purchase price was $35 per acre, and the initial payment, $1,000. The defendant made the first payment and took the plaintiff's note for $500, representing one-half of it. This quarter section of land was farmed by them in 1917 and enough realized

to pay interest and expenses. The following year, a good crop was raised and a substantial amount was applied on the principal. The amount so applied on behalf of the plaintiff was at least $550. The plaintiff continued to work for the defendant by the year during 1917 and 1918; but in 1919 an arrangement was made between them whereby they would farm the defendant's three quarter sections in equal partnership. To equalize the ownership of the live stock the plaintiff purchased of the defendant an interest in the defendant's stock for $500, giving his note for that amount. The farm was operated by the partnership during that season, but in October the parties agreed to dissolve. At that time the crops had not all been sold and the expenses not all adjusted. They could not readily dispose of the land which they had jointly pur-chased, and it was not anticipated that the plaintiff could readily dispose of some items of personal property that he owned individually. So an arrangement was made, whereby the plaintiff would assign to the de-fendant his interest in the land contract and the defendant surrender the note representing the plaintiff's share of the initial payment; that the plaintiff would give to the defendant a bill of sale for the personal property which the defendant had transferred to him to equalize their interest in the live stock, the defendant returning the plaintiff's note for the purchase price; that the plaintiff would leave his personal property on the place for the defendant to sell and credit the amount to be re-ceived to the plaintiff. The defendant kept all of the accounts that were kept. He did not sell the personal property promptly. The following spring, when the plaintiff requested a settlement, the defendant main-tained that the plaintiff was indebted to him, whereupon this action was brought.

Upon this appeal both parties contend that the judgment is wrong. The principal objections of the defendant and appellant are:

(1) He contends it was agreed that the interest on his investment in the three quarter sections of land at $35 per acre and the taxes on this land were to be considered as expenses. The plaintiff contends that there was no such agreement. The trial court found with the defendant upon this feature of the contract and allowed three-fourths of the amount claimed, because the partnership continued for only three-fourths of the year. The appellant contends that a full year's interest and taxes should have been allowed.

(2) The appellant claims that the trial court allowed the plaintiff

an excessive amount for the personal property which was left with the defendant for sale. This item was allowed by the trial court at $363. It is claimed that it should have been allowed at $227, the amount that was actually realized when the property was sold. The added amount was allowed by the trial court as the reasonable value at the time when the defendant should have returned the property or credited the plaintiff with its value. He found that the sale was not made within a reasonable time and in the best market.

(3) It is contended that the trial court should have allowed the defendant to recover interest on the $500 personal property note that was returned to the plaintiff.

(4) That the court erred in fixing plaintiff's interest in the land at the amount paid on the land by the plaintiff together with his portion of the interest and taxes while the land was jointly owned.

The respondent contends:

(1) That the court erred in allowing the defendant to charge interest and taxes as expenses of the farming operations on the three quarter sections in 1919.

(2) That the plaintiff should have a credit for a quantity of hay put up in 1919, for which no credit was allowed.

We have stated only the principal contentions. There are other minor matters of difference between the parties. A careful review of the record leaves us with the impression that any alterations we might make in the judgment would not be likely to effect a better adjustment of the accounts than that represented by the judgment of the trial court. The evidence is conflicting as to the agreement to consider interest and taxes on the defendant's land as expenses to be allowed, but we are not disposed to disturb the finding of the trial court. The record, as a whole, is quite inconclusive for the reason, principally, that the defendant kept the books and his testimony, on a number of subjects, is most confusing. Apparently this is not due to any attempt to take advantage, as the trial court remarked in the memorandum opinion that both parties had evidenced a desire to be fair and reasonable.

The judgment is affirmed.

GRACE, C. J., and BRONSON, ROBINSON, and CHRISTIANSON, JJ., concur.